the costs, and he and his surety gave a bond for the payment of the costs, reciting that Stevens was acquitted, and the action was brought to recover upon the bond. The court held that there was no legal acquittal, and therefore no liability upon the bond. The court in discussing the case used the language cited in the prevailing opinion. It also stated:

"Had the replication added that on the pretended verdict being pronounced the court thereupon acted on it as a verdict and pronounced an acquittal, I admit this would have been error merely, and not questionable in a collateral way, but only by certiorari, if questionable at all."

The cases cited are those showing that in a collateral inquiry such matters cannot be reviewed, but can only be reviewed in a direct proceeding for that purpose. I consider that authority controlling here, but for a reversal. In the case at bar the defendant demanded a jury trial, and, but five jurors having been obtained, it was agreed to try the case with a jury of five. This was not a waiver of the jury trial which the defendant had demanded. By demanding a jury trial he showed an unwillingness to be tried before the magistrate. He had the right to object to such a trial, and did object to it by demanding a jury. The magistrate by forming an illegal jury cannot bring a trial before himself without the defendant's consent. The jury heard the case and brought in a verdict of guilty with a recommendation of mercy. The record then continues:

"The court find the defendant guilty as charged, and in my opinion is not entitled to mercy. The sentence of the court is that he be confined in the Albany County Penitentiary for a period of 180 days."

This does not purport to be a decision by the court as to the defendant's guilt and his refusal to receive the verdict, because there was no jury. The jury as a part of the court had pronounced its verdict of guilty. The magistrate stated in substance that the defendant has been found guilty, but he thinks he is not entitled to mercy. The recommendation for mercy was no part of the verdict, and the court was at liberty to disregard it. It is straining a point to say that the magistrate by what took place after the verdict became a trier of the issue, and decided it in place of the jury. There was no trial such as the law contemplated. The remarks in the Germond Case related to a civil action when the judgment was attacked collaterally. This is a criminal action in which the legality of the proceedings are directly brought in review.

I favor the reversal.

---

### BELL v. GOLDING et al.

(Supreme Court, Appellate Division, Third Department. June 27, 1912.)

1. TENANCY IN COMMON (§ 12*)—INTERESTS.

Where a deed or judgment conveys to two or more persons as tenants in common without specifying their interests, the interests are presumed to be equal.

[Ed. Note.—For other cases, see Tenancy in Common, Cent. Dig. § 24; Dec. Dig. § 12.*]

**2. DOWER (§ 46*)—INCHOATE DOWER—RIGHT TO CLAIM.**

Where a husband and wife employed plaintiff to defend an action in ejectment, and a supplemental petition was served for partition between plaintiff, the husband, and the attorney, and a portion of the land in controversy was set apart to the husband and the attorney as tenants in common, the wife was bound by the judgment, and was not entitled to claim an inchoate right of dower in more than the husband's share, regardless of a deed made by the husband to plaintiff after the judgment in ejectment to carry out the agreement.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 92, 145–153; Dec. Dig. § 46.*]

**3. DOWER (§§ 29, 56*)—INCHOATE DOWER—NATURE of INTEREST.**

While inchoate dower is a valuable interest, it is a contingent interest, which does not ripen into a use until the death of the husband, the wife surviving, and then it is not an interest which entitles her to enter upon lands or maintain ejectment until it has been assigned or set apart, nor is it a property interest which she may require to be assigned or admeasured.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 81, 178–198; Dec. Dig. §§ 29, 56.*]

**4. PARTITION (§ 12*)—RIGHT TO MAINTAIN—DOWER.**

A widow claiming only in respect of her dower cannot maintain partition even after her interest has been assigned and set off.

[Ed. Note.—For other cases, see Partition, Cent. Dig. §§ 38–51; Dec. Dig. § 12.*]

**5. PARTITION (§ 88*)—INCHOATE DOWER.**

In partition, one owning an inchoate right of dower cannot have it admeasured and set off, but, under Code Civ. Proc. § 1570, when a party has such right in the property sold, the court must fix the proportional value of the right according to the law applicable to annuities or set aside so much of the proceeds of sale to which the right attaches and direct that portion to be invested, secured, or paid over in such manner as it deems calculated to protect the rights and interests of the party.

[Ed. Note.—For other cases, see Partition, Cent. Dig. § 254; Dec. Dig. § 88.*]

**6. DOWER (§ 46*)—JUDGMENT—INTEREST BARRED.**

Judgment and sale in partition bars the inchoate right of dower of the wife of a tenant in common if she is made a party.

[Ed. Note.—For other cases, see Dower, Cent. Dig. §§ 92, 145–153; Dec. Dig. § 46.*]

Appeal from Special term, Fulton County.

Action by Frank L. Bell against Mabel C. Golding and others. Judgment for plaintiff, and defendants appeal. Affirmed.

The following is the opinion of the court below (Van Kirk, J.):

This action is brought in partition. The defendants have not appeared except Mabel C. Golding and Charles H. Bennett. At the trial the defendant Charles H. Bennett was unable to establish any right or interest in the property and practically abandoned all claims.

The defendant Mabel C. Golding is the wife of the defendant John N. Golding, and answers, asking that there be an actual partition of the premises and not a sale, and, claiming that she has an inchoate right of dower in the entire 84 acres. The answer of the defendant Mabel C. Golding is the only one that raises a question which demands the attention of the court.

[1] In 1901 an action was brought by the people of the state of New York against John N. Golding and Mabel C. Golding in ejectment. The questions at issue involved the premises now sought to be partitioned in this action.

The plaintiff in this action, Frank L. Bell, was retained by John N. Golding and Mabel C. Golding to defend their interests in said ejectment suit. An agreement in writing was made, to which Mr. Bell, on the one hand, and Mr. Golding and Mabel C. Golding, on the other, were parties. By this agreement Mr. Bell was retained to represent the defendants as their attorney. At the time this agreement was made, Mr. and Mrs. Golding were living in harmony, and Mr. Golding was to pay Mr. Bell for his services; the retainer and the agreement were valid. Although before the conclusion of the ejectment action and the entry of judgment therein Mr. and Mrs. Golding were living separately, Mrs. Golding never repudiated her retainer of Mr. Bell, and he represented her throughout the litigation and until the judgment was entered, and she was bound by the judgment. In the ejectment action judgment was rendered in favor of the defendants because of the ownership of the underlying title obtained from Benedict, not because of the Powell deed. The plaintiff therein appealed. Thereafter and before the appeal was argued, John K. Ward, Esq., was substituted for Lewis & McKay, Esqs., as attorney for the plaintiff; and, upon stipulation of the parties, the decree was opened and a supplemental complaint was served, asking for a partition between the people of the state of New York and Golding and Bell of the real estate described in the supplemental complaint. Judgment was thereupon entered in Hamilton county on January 26, 1909, which provided, among other things, as follows: "It is further ordered, adjudged, and decreed that there be and hereby is set apart to the defendants John N. Golding and Frank L. Bell, as tenants in common, all that certain piece or parcel of land situate in said township No. 40, Totten & Crossfield's Purchase, in the county of Hamilton and state of New York, described as follows." Then follows a description of the 84 acres set forth in the complaint in this action at bar.

The judgment does not specify the interests of Golding and Bell in said 84 acres; but, where a conveyance to two or more persons, as tenants in common, without specifying their interests, is made, the presumption is their interests are equal. Baumann v. Guion, 21 Misc. Rep. 123, 46 N. Y. Supp. 715; Campau v. Campau, 44 Mich. 31, 5 N. W. 1062; McDonald v. McDonald, 71 App. Div. 116, 75 N. Y. Supp. 674; Matter of Kimberly, 150 N. Y. 90, 44 N. E. 945.

[2] Mrs. Golding is bound by this judgment, and she is not justified in claiming an inchoate right of dower as the wife of the defendant John N. Golding in more than said Golding's share of said 84 acres, to wit, an undivided one-half interest. The deed given, subsequent to said judgment in the action, by the said John N. Golding to Frank L. Bell, was unnecessary and was presumably given for the sole purpose of carrying out a written agreement between Bell and Golding, and Mrs. Golding's refusal to sign that deed did not affect Mr. Bell's rights in the 84 acres under the said judgment of January 26, 1909.

The defendant Mrs. Golding, therefore, is entitled to an inchoate right of dower in the undivided half interest of John N. Golding in the 84 acres, a description of which is set forth in the complaint. The defendant Stella Phelps Bell is entitled to an inchoate right of dower in the undivided half interest in said 84 acres which belongs to Frank L. Bell. The defendants, other than Mrs. Bell and John N. Golding and wife, have no interest in said 84 acres.

[3] The two tenants in common, Mr. Bell and Mr. Golding, urged that the interests of all required that the premises be sold, and they offered evidence tending to establish this. Mrs. Golding alone objects to a sale of the premises and desires actual partition. As between the parties here, Mrs. Golding's inchoate right of dower is a subsisting and valuable interest, which will be protected and preserved to her, and she has a right of action to that end. Simar v. Canady, 53 N. Y. 298, 304, 13 Am. Rep. 523. While inchoate dower is a valuable interest, it is a contingent interest which does not ripen into a use until the death of the husband, she surviving; and then it is not an interest which entitles her to enter upon the lands or maintain ejectment until it has been assigned or set apart. Aikman v. Harsell, 98 N. Y. 186. Until her dower has been assigned, it is merely a right or chose in action, and is

not subject to sale on execution (98 N. Y. 191); nor can she convey it. She may extinguish it by a proper conveyance to the grantee of her husband. Witthaus v. Schack, 105 N. Y. 332, 11 N. E. 649. The right of entry upon the real estate in which dower is consummate belongs to the owner of the freehold. Dower, while inchoate, is not a property interest which the wife may require to be assigned or admeasured. Nor until dower has been set off to the widow is she possessed of an estate in the property which she can alien. She may, after her husband's death, bring an action to have her dower right established and admeasured; and, being admeasured and set off, she has the use and right to enter for life upon the portion so set off. Code, §§ 1596, 1607, et seq. If a portion of the premises cannot be set off, because impracticable or because not for the best interest of all those concerned, the judgment (in her action to admeasure dower) must direct that a sum fixed by the court equal to one-third of the rental value of the estate be paid to the plaintiff, annually or oftener, during her natural life. Code, § 1613.

[4] The widow, claiming only in respect of her dower, cannot maintain partition, even after her dower has been assigned and set off. Coles v. Coles, 15 Johns. 319; Wood v. Clute, 1 Sandf. Ch. 199.

[5, 6] In partition one owning an inchoate right of dower cannot have it admeasured and set off; but, when a party has an inchoate right of dower in the property sold, the court must fix the proportional value of the right according to the law applicable to annuities, or set aside so much of the proceeds of sale, to which the right attaches, and direct that portion to be invested, secured, or paid over in such manner as it deems calculated to protect the rights and interests of the party. Code, § 1570. Judgment and sale in partition bars the inchoate right of dower of the wife of a tenant in common, if she is made a party. Jordan v. Van Epps, 19 Hun, 526, affirmed 85 N. Y. 427.

After considering the evidence, the nature and location of the premises, the fact that there is but one set of buildings, which are of considerable value, on the land, and the interests of the parties, I have concluded that a partition of the premises cannot be had without great prejudice to the owners, and therefore a sale must be had free and clear of the inchoate rights of dower of Mrs. Bell and Mrs. Golding.

Although Mr. Bennett before the trial ended practically abandoned his claim to any interest in the property, he did in fact defend at the trial, and his answer required preparation on the part of the plaintiff to meet the issues raised. The plaintiff should have costs against the defendant Bennett personally. Costs also are allowed to the plaintiff to be paid out of the proceeds of the said real estate.

A decision may be prepared accordingly.

Argued before SMITH, P. J., and KELLOGG, BETTS, HOUGHTON, and LYON, JJ.

Lewis, McKay & McMillan and George E. Dennison, for appellant Mabel C. Golding.

Bacon & Rorty, for appellant Charles H. Bennett.

Frank L. Bell, pro se.

PER CURIAM. Judgment unanimously affirmed, with costs, on the opinion of Van Kirk, J., at Special Term.