## Edinger v. Edinger

*Gus Mildes*, for plaintiff.
*George Laub*, for defendant.

GRIFO, J., June 6, 1973.—This case is before the court pursuant to a complaint in equity to which defendant has filed preliminary objections.

The facts pertinent to our consideration of the issue herein are as follows:

Plaintiff and defendant are husband and wife, living apart in accordance with a decree in divorce a mensa et thoro, entered by the Court of Common Pleas of Northampton County on January 22, 1968.

Defendant was the owner of an undivided one-half interest in certain real estate situate in Palmer Township, Northampton County, Pa. This interest was not

held with plaintiff as an estate by the entireties, nor with any other person as a joint tenancy with the right of survivorship.

The owner of the other one-half interest, Karl D. Edinger, a nephew of defendant, instituted an action in partition, against defendant, in the Court of Common Pleas of Northampton County.

After receiving the second and final report of the master in partition, this court entered a final decree in partition, ordering the sale of the property, and authorizing distribution of the proceeds in accordance with the master's proposed schedule.

Two days prior to the entering of the final decree, plaintiff filed her complaint, praying:

"(a) That defendant be declared to hold his interest in said premises and any consideration resulting from the partition as trustee for the plaintiff, at least to the extent of any dower interest therein;

"(b) That defendant be restrained from disposing of the proceeds of said partition until further Order of Court in this action;

"(c) Such other relief as the Court shall deem proper and equitable."

Defendant, in turn, filed the following preliminary objections:

"The Plaintiff's Complaint fails to state a cause of action for the following reasons:

"(a) The Plaintiff was not a necessary party to the partition proceedings referred to in Paragraphs 3, 4, 5 and 6 of the Plaintiff's Complaint;

"(b) Plaintiff is bound by the judgment in the partition proceedings;

"(c) The Master's sale of the subject land in partition has divested the Plaintiff's inchoate right of dower in the subject land as well as in the proceeds realized by the sale thereof;

"(d) Such rights as the Plaintiff might hereinafter possess in the Defendant's estate, as by Section 11 of the Estates Act and Section 8 of the Wills Act, have not ripened and will not until and unless the Defendant should die leaving the Plaintiff to survive him;

"(e) Therefore, the Defendant cannot be compelled to hold the proceeds that he will receive from the Master in partition as trustee for the Plaintiff, nor can there be any restraint lawfully imposed upon the Defendant in this regard."

Before proceeding to a discussion of the issues with which we are confronted, it is first necessary to set out precisely those legal concepts with which we are dealing.

"Dower was the common law right of a widow enforceable by an action in the county wherein the decedent's lands were located. . . The widow's right to dower was an inchoate and contingent right before the death of her spouse.

"Under the present Intestate Act of 1947, a widow does not have dower rights and acquire a mere life estate, but she becomes entitled to a fractional share of all of her deceased husband's personalty and land. The act provides that the share of the estate that the widow is entitled to shall be in lieu and in full satisfaction of her dower at common law, so far as it relates to real estate of which the husband dies seized; and her share in real estate aliened by the husband in his life without her joining in the conveyance shall be the same as her share in real estate of which the husband dies seized": 20 P. L. Encyc. 14, §21, *Intestate Succession.*

We note, therefore, that we are dealing here with an inchoate right, under the Intestate Act of April 24, 1947, P. L. 80, 20 PS §1.1, et seq., which we will, for the sake of clarity, still refer to as inchoate dower.

"The widow's rights in her deceased husband's es-

tate, whether under the Intestate Acts or dower under the former law, may be barred or forfeited. . . [A] divorce A.V.M. will also bar her rights. But a mere separation will not. Neither will a divorce a mensa et thoro": Ladner on Conveyancing in Pennsylvania (3rd Ed. P. Wood, 1961), §12.26.

Finally, it is recognized that,

"In the absence of some statute to the contrary, it is generally held that a wife having an inchoate right of dower in the premises which she holds subordinate to the right of the cotenants to have them partitioned is not a necessary party in a suit in partition, and hence, although not made a party, is bound by a judgment therein": 14 Standard Pa. Pract. 66-67.

While it is true that the wife of a cotenant cannot, by the assertion of her inchoate dower right, prevent a partition of the land and the partition divests her of her rights in the undivided parcel (id. at 67), the question remains, what rights does the wife have in the separately held parcel of her husband after partition, and further, what are her rights in the proceeds should this land be sold?

In a case arising out of an eminent domain proceeding, the Pennsylvania Supreme Court held as follows:

"Inchoate dower is not such a lien, encumbrance or interest as will attach to a fund realized in condemnation of land. This has been held in many similar situations where the point arose, such as the sale of a husband's land for debt, and sale under partition where property cannot be divided.

". . .

"A review of the authorities outside this State shows that New York and New Jersey are in favor of impounding a sum of money to protect inchoate dower, while Massachusetts and Ohio are opposed to such view. We agree with the decisions in the latter states. The deci-

sions in the former states are based on the premise that the wife has such an interest in her husband's land as should be included in the award. If she has, then the same claim could be made in surplus from sales for a husband's debts, partition proceedings or all manner of involuntary transfers of title of a husband's land. It is opposed to our theory of dower, that it only becomes certain on the death of the husband before the wife": Briegel v. Briegel, 307 Pa. 93, 160 Atl. 581 (1931).

However, despite the Supreme Court's assertion that the present issue has been resolved "in many similar situations where the point arose," the court cites no cases in this jurisdiction, nor are we able to find any other Pennsylvania appellate authority for the point espoused. Therefore, we turn to an opinion of the Appellate Division of the New York Supreme Court, ruling in a case involving the issues presented to this court and we adopt the holding of that case which reads, in part, as follows:

"In partition one owning an inchoate right of dower cannot have it admeasured and set off; but, when a party has an inchoate right of dower in the property sold, the court must fix the proportional value of the right according to the law applicable to annuities, or set aside so much of the proceeds of sale, to which the right attaches, and direct that portion to be invested, secured, or paid over in such manner as it deems calculated to protect the rights and interests of the party": Bull v. Golding, 136 N. Y. S. 278, 151 App. Div. 945 (1912).

Wherefore, the court enters the following

## ORDER OF COURT

And now, to wit, June 6, 1973, the preliminary objections of defendant are overruled.